OPINION
{¶ 1} Defendant-appellant, William Kelch, appeals his conviction in the Brown County Court of Common Pleas for a drug offense that involved chemicals used to manufacture controlled substances. We affirm the judgment for the reasons outlined below.
 {¶ 2} Deputies with the Brown County Sheriff's Office observed and stopped a vehicle being driven by Kelch on Crum Road in Brown County on the evening of August 26, 2001, and arrested him on an outstanding warrant. Lisa and David Fuson, who lived on Crum Road, were passengers in the vehicle. During the stop, appellant told police that there was a tank in the trunk of the vehicle.
 {¶ 3} The deputies searched and found hoses, duct tape, aerosol starting fluid, and a propane tank with an altered valve in a duffel bag in the trunk. Appellant told police that they were on their way to steal anhydrous ammonia to sell it to someone to make methamphetamine.
 {¶ 4} The jury heard testimony from a Drug Enforcement Agency ("DEA") agent that methamphetamine is manufactured in this area using the crop fertilizer anhydrous ammonia, the ether in aerosol starting fluid, and sulfuric acid from drain cleaner, among other ingredients. The DEA agent explained to the jury that anhydrous ammonia is commonly carried in propane tanks with their valves altered like the one found in appellant's trunk. The operators of methamphetamine labs steal the anhydrous ammonia from larger tanks used on farms by altering or replacing the valves on propane tanks and using hoses to siphon off the chemical into the propane tank.
 {¶ 5} Police subsequently searched the home of Lisa and David Fuson and found additional materials commonly used to make methamphetamines. Included in these materials were two one-gallon containers of drain cleaner called "Liquid Fire."
 {¶ 6} Appellant was indicted under R.C. 2925.041 for assembling or possessing chemicals used to manufacture controlled substances. He was found guilty by a jury. Appellant appeals his conviction, raising one assignment of error.
 {¶ 7} "THE TRIAL COURT ERRED IN REACHING A GUILTY VERDICT AGAINST APPELLANT."
 {¶ 8} Appellant's argument contends that insufficient evidence existed for his conviction and that the conviction was against the manifest weight of the evidence. Specifically, appellant argues that his possession of the chemicals was not proven, that the chemicals were not tested to determine if they were chemicals for the manufacture of controlled substances, and that Lisa Fuson was not credible because she changed her testimony.
 {¶ 9} In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 10} R.C. 2925.041 states, in part, that:
 {¶ 11} "(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.
 {¶ 12} "(B) In a prosecution under this section, it is not necessary to allege or prove that the offender assembled or possessed all chemicals necessary to manufacture a controlled substance in schedule I or II. The assembly or possession of a single chemical that may be used in the manufacture of a controlled substance in schedule I or II, with the intent to manufacture a controlled substance in either schedule, is sufficient to violate this section."
 {¶ 13} Possession can be either actual or constructive. State v.Wolery (1976), 46 Ohio St.2d 316, 329. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. Id. Dominion and control can be proven by circumstantial evidence alone. State v. Gaefe, Clinton App. No. CA2001-11-043, 2002-Ohio-4995. Although mere presence in the vicinity to an object does not prove dominion and control, a readily accessible object in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. Id.
 {¶ 14} Appellant told police that he had a propane tank in the trunk of the vehicle he was driving and that it may already contain some anhydrous ammonia. Police testified that a can labeled starting fluid was also located in the trunk of the vehicle driven by appellant. Lisa Fuson testified that a one-gallon container of drain fluid at her house belonged to appellant. She testified that appellant had previously made methamphetamines at her home "quite a few times." We find there was sufficient evidence for the jury to find that appellant had knowledge of the presence of these chemicals and was able to exercise dominion and control over them.
 {¶ 15} We also find that there was sufficient evidence presented concerning the chemicals that may be used to manufacture a controlled substance with the intent to manufacture.
 {¶ 16} Lisa Fuson testified on cross-examination that there were fumes "coming off that tank [propane tank in trunk] every time you press the valve on it." When asked by the prosecutor whether there was some anhydrous [ammonia] in it, Lisa Fuson answered in the affirmative.
 {¶ 17} Appellant told police that he thought the tank was "dirty" because he had previously stored anhydrous ammonia in it. Lisa Fuson had testified that the container labeled "Liquid Fire" was drain cleaner belonging to appellant.
 {¶ 18} Further, as to intent, appellant told police that he was stealing anhydrous ammonia so that someone could make methamphetamines. Appellant also told police that he had used methamphetamines two weeks previously and that he would have used methamphetamines that night had he not been stopped by police.
 {¶ 19} Lisa Fuson testified that appellant and others were going to make methamphetamine that night and that she had observed the production of methamphetamines before. The jury could have reasonably relied on the testimony of appellant and Fuson regarding possession of the chemicals to make methamphetamines and the intent to manufacture a controlled substance. Cf. State v. McKee, 91 Ohio St.3d 292, 297,2001-Ohio-41 (experience and knowledge of drug user as a lay witness can establish competence to opine on the identity of controlled substance once a foundation established). Circumstantial and direct evidence are of equal probative value. Jenks, 61 Ohio St.3d, paragraph one of syllabus. A review of the record finds that the jury could have found the essential elements of the crime beyond a reasonable doubt.[1]
 {¶ 20} In determining whether a conviction is against the manifest weight of the evidence, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 21} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 22} We have previously outlined Lisa Fuson's testimony and the statements made by appellant. The state's case also included the testimony of the DEA agent regarding the chemicals used to make methamphetamines. Deputies identified photographs showing both the containers they found in the trunk of the vehicle and the drain cleaner at the Fuson home.
 {¶ 23} On the other hand, appellant cross-examined one deputy to point out to the jury that the deputy had not testified at any previous hearing that appellant admitted the propane tank was "dirty" with anhydrous ammonia. Appellant emphasized that Lisa Fuson had previously denied to appellant's counsel that the drain cleaner at her home belonged to appellant. Appellant also stressed that his statements to police only admitted that he was taking the propane tank to steal anhydrous ammonia, but had not done so when he was stopped by police.
 {¶ 24} The jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest. State v. Antill (1964),176 Ohio St. 61, 67. In reaching its verdict, the jury should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the prosecution or the appellant, and his interest, if any, in the outcome. Id.
 {¶ 25} Reviewing the entire record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] The trial court took judicial notice of the fact that methamphetamine is a schedule II controlled substance.